WRIGHT *v.* BUCK.

The plaintiff is not prevented from recovering in an action upon a promissory note which, after suit brought, she has given up to the defendant for a new note for the amount of the old one and ten dollars cash, when the defendant has failed to keep his promise to give security for the new note.

The giving of a new note for the full amount of the old one was a ratification of a change in the figures of an erroneous indorsement made by the plaintiff upon the old note, and a waiver of any objection to the note on that account.

ASSUMPSIT, upon a promissory note. After suit was brought, the defendant gave to the plaintiff a new note for the full amount

of the one sued upon, and ten dollars in money, and at the same time promised to furnish security for the new note. Upon this condition and understanding the plaintiff gave up the old note to the defendant. The defendant failing to give the security promised, the plaintiff returned the new note to him and demanded the old one, which the defendant did not return. The plaintiff retained the ten dollars. The figures of an indorsement on the old note were found to be too large, and the plaintiff altered them to their true amount. Upon the referee's report, that the plaintiff recover the amount of the old note less ten dollars, judgment was ordered, and the defendant excepted.

*E. W. Smith* (of Vermont), for the plaintiff.

*S. B. Page*, for the defendant.

ALLEN, J.   The plaintiff agreed to take the second note for the first one, upon the sole condition that the second one should be secured. The condition failing, the plaintiff was at liberty to treat the second note as a nullity, or as mere security for the payment of the first note, and pursue the defendant upon that. *Jaffrey* v. *Cornish*, 10 N. H. 505; *Johnson* v. *Cleaves*, 15 N. H. 332; *Clark* v. *Draper*, 19 N. H. 419, 423; *Smith* v. *Smith*, 27 N. H. 244, 253; *Foster* v. *Hill*, 36 N. H. 526, 528.

The alteration of an indorsement of a payment on the note from erroneous to true figures, if material as an alteration of a written receipt for the payment of money and would have vitiated the note as evidence on which to support the action, was ratified, and any objection to it was waived by the defendant's giving a second note and ten dollars for the full amount of the first one without objection, and with a promise of security. *Humphreys* v. *Guillow*, 13 N. H. 385. The plaintiff could retain the ten dollars as part payment on the note, and her failure to return it with the second note did not prevent her from rescinding the contract by which the second note was received, nor from treating it as security for the original note, nor from recovering in the action upon that.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.